UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                      Chapter 13

Diane McKee, f/k/a Diane Troszak,                        Case No. 10-58266

    Debtor.                                                            Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

On August 29, 2013, AmeriCredit Financial Services, Inc., d/b/a GM Financial ("Creditor") filed a motion for reconsideration (ECF No. 85) of an order (ECF No. 84) entered by the Court on August 28, 2013 that denied the Creditor's motion for relief from the automatic stay and approved a modification of the Debtor's confirmed Chapter 13 plan. For the reasons explained below, the Court has determined to deny the Creditor's motion.

On June 3, 2010, the Debtor filed this Chapter 13 case. At the time the case was filed, the Debtor owned a 2004 Mercury Mountaineer ("Vehicle"). The Creditor, holding a lien on the Vehicle, filed a proof of secured claim in the amount of $5,513.30. The Creditor's proof of secured claim indicated that the monthly payments required by the contract were $257.48, and that the interest rate on the contract was 13.95%.

On June 4, 2010, the Debtor proposed a Chapter 13 plan (ECF No. 7). The plan proposed to modify the Creditor's claim under § 1322(b)(2) of the Bankruptcy Code in several ways. First, it set a market value of $5,000.00 for the Vehicle, which meant that the claim of the Creditor in excess of $5,000.00 would be treated as an unsecured claim and not a secured claim. Second, the plan proposed to pay the $5,000.00 secured claim over 60 months at 5%, rather than the contract rate of interest of 13.95%. Third, the plan proposed monthly payments of $94.36 in contrast to the

contract, which provided for monthly payments of $257.48. The Creditor did not object to the plan, and it was confirmed by the Court on September 4, 2010.

After confirmation, the Debtor made the payments required by the plan. However, on June 8, 2013, the Vehicle was involved in an accident and was totaled. By this time, the Creditor's allowed secured claim had been substantially paid down. Although it is not entirely clear from the record, it appears that the balance owing on the Creditor's allowed secured claim under the Debtor's plan was now paid down to $2,340.01. At the time of the accident, the Vehicle was insured by Allstate Insurance. The proceeds payable under the insurance policy totaled $5,315.00, an amount significantly greater than the balance owing on the Creditor's allowed secured claim under the Debtor's plan. Claiming a security interest in all of the insurance proceeds, the Creditor filed a motion for relief from stay (ECF No. 61) on July 5, 2013, so that it might enforce its security interest and obtain payment of all of the insurance proceeds. The only objection to the motion was filed by the Chapter 13 Trustee. The Debtor did not file any objection, but instead filed a proposed plan modification (ECF No. 63) that included as one of its provisions the lifting of the automatic stay in favor of the Creditor. The Trustee objected to the Debtor's plan modification as well as to the Creditor's motion to lift the automatic stay.

On August 20, 2013, the Court heard both the Creditor's motion to lift the automatic stay and the Debtor's plan modification. At the hearing, the Creditor argued that it holds a lien on the insurance proceeds, and the insurance proceeds are not property of the bankruptcy estate because section II.B. of the Debtor's plan provided that all property of the estate would revest in the Debtor upon confirmation. The Trustee argued that even if the insurance proceeds were not property of the bankruptcy estate, the Creditor's motion should still be denied because the Creditor's allowed secured claim had now been paid down to $2,340.01, and that is all of the insurance proceeds that

-2-

10-58266-pjs    Doc 87    Filed 09/10/13    Entered 09/10/13 15:18:07    Page 2 of 6

should be paid to the Creditor on account of its allowed secured claim. In other words, to the extent that there are insurance proceeds in excess of the amount of the Creditor's allowed secured claim, those proceeds should not be paid to the Creditor on account of its allowed secured claim, but instead may be paid by the Debtor to the Trustee for distribution to creditors pursuant to the terms of the confirmed plan. In support of his argument, the Trustee relied on § 1327(a) of the Bankruptcy Code, which states that the provisions of a confirmed plan bind the debtor and each creditor. Because the Debtor's plan modified the Creditor's allowed secured claim under § 1322(b)(2), the Trustee asserted that the Creditor should only be paid out of the insurance proceeds to the extent of the unpaid balance of its allowed secured claim, and no more. For reasons explained on the record, the Court agreed with the Trustee, denied the Creditor's motion, and held that the Creditor should only be paid out of the insurance proceeds to the extent that there remained an unpaid balance of its allowed secured claim under the Debtor's plan. On August 28, 2013, an order that both modified the Debtor's plan and denied the Creditor's motion to lift the stay was entered by the Court (ECF No. 84).

The Creditor's motion for reconsideration states that it is brought pursuant to Local Bankruptcy Rule 9024-1, Fed. R. Bankr. P. 9023 and 9024, Fed. R. Civ. P. 59 and 60, and § 105(a) of the Bankruptcy Code. The motion does not explain how the Creditor is entitled to any relief under any of those specific rules other than to say that the Court committed a "palpable error" in its ruling from the bench on August 20, 2013 and in the order subsequently entered on August 28, 2013. After reviewing the motion and the arguments asserted in it, the Court construes it as a motion for reconsideration, particularly since it asserts a "palpable error," which is in substance the same as the standard of "palpable defect" that is set forth in L.B.R. 9024-1(a)(3), which governs motions for reconsideration.

The motion for reconsideration makes four arguments. First, the motion disagrees with the Court's statement that a lifting of the stay is unnecessary, because the insurance proceeds are not property of the estate. Second, the motion argues that the Creditor's motion to lift stay should have been granted because the Debtor did not object, and the Trustee did not have standing to object. Third, the motion states that any insurance proceeds that remain after payment in full of the Creditor's allowed secured claim cannot be used to pay unsecured creditors under the Debtor's plan because the Debtor has not yet obtained a discharge. Fourth, the motion argues that the Creditor is entitled to be paid in full on its contractual debt. The Court will take these arguments in sequence.

The Court agrees with the Creditor that the insurance proceeds are not property of the estate. That is what the Debtor's plan provides. But that fact does not establish cause to lift the automatic stay. Under the terms of the confirmed plan, the Vehicle was not property of the estate post-confirmation. The fact that the Vehicle was totaled, and thereby converted into insurance proceeds, does not change the application of the automatic stay. Both the Vehicle and the insurance proceeds were not property of the estate, but that is not a basis to grant a motion for relief from stay. The Court rejects the Creditor's first argument.

As for the Creditor's second argument, just because the Debtor does not oppose a motion for relief from the stay does not mean that the Court must grant the motion. The Court still must independently determine whether cause to lift the automatic stay exists under § 362(d) of the Bankruptcy Code. Further, § 1302(b)(2)(C) of the Bankruptcy Code specifically states that the Trustee shall appear and be heard at any hearing that concerns modification of a confirmed plan. In this case, the Creditor's attempt to lift the automatic stay to take insurance proceeds in excess of the amount of the allowed secured claim under the Debtor's confirmed plan constitutes a plan modification. The Creditor did not seek just to lift the stay. The Creditor in this case wants to get

paid more than the allowed secured claim under the confirmed plan. In fact, the Debtor even filed a plan modification to accomplish just that. Clearly, the Trustee has standing under § 1302(b)(2)(C) of the Bankruptcy Code to object to the Creditor being paid an amount in excess of its allowed secured claim under the confirmed plan.

The Creditor's third objection posits that the amount of the insurance proceeds in excess of the amount owed to the Creditor on its allowed secured claim cannot be used by the Debtor absent her discharge. In support, the Creditor cites § 1327 of the Bankruptcy Code. But that section does not bar the Debtor from using the excess insurance proceeds to pay other creditors once the Debtor has paid off the allowed secured claim of the Creditor. Section 1327 of the Bankruptcy Code embodies the res judicata finality concept that applies to an order confirming a Chapter 13 plan. Applying that section to this set of facts requires that the Debtor pay the balance owing on the allowed secured claim of the Creditor, and no more. Any excess insurance proceeds available after payment in full of the allowed secured claim of the Creditor can be used by the Debtor to contribute to her Chapter 13 plan for payment towards unsecured creditors. There is nothing in § 1327 that bars the Debtor from doing so, provided that the Debtor has first paid off the allowed secured claim of the Creditor.

Finally, the Creditor's fourth argument reveals the weakness in all of the Creditor's legal positions. This argument is that the Creditor is entitled to be paid in full on its *contractual* debt. This misses the point of a confirmed Chapter 13 plan. The Debtor's confirmed plan modified the Creditor's claim in accordance with § 1322(b)(2) of the Bankruptcy Code in a number of ways. It reduced the amount of the secured claim. It changed the interest rate. It changed the per month payments. By insisting that it now receive all of the insurance proceeds just because it has a contractual provision that would have entitled it all of those proceeds absent bankruptcy, the

-5-

10-58266-pjs    Doc 87    Filed 09/10/13    Entered 09/10/13 15:18:07    Page 5 of 6

Creditor ignores the effect of § 1322(b)(2) fixing its allowed secured claim in the plan. The point is that the Debtor's plan changed the relationship between the Debtor and the Creditor. Once the plan was confirmed, the contract no longer governs. The allowance of the secured claim under the plan, as modified pursuant to § 1322(b)(2) of the Bankruptcy Code, now governs their relationship. The confirmed plan has res judicata binding effect under § 1327(a) of the Bankruptcy Code.

The Court committed no palpable defect. It required that the insurance proceeds be paid to the Creditor to the extent of the unpaid balance owing on the allowed secured claim of the Creditor under the Debtor's confirmed plan. That's what the Creditor is entitled to. The Creditor's motion for reconsideration basically makes the same arguments that the Creditor made at the hearing and fails to recognize that its contractual rights were modified upon confirmation of the Debtor's plan. Because there is no palpable defect in the Court's ruling, there are no grounds for reconsideration under L.B.R. 9024-1(a)(3). Accordingly,

**IT IS HEREBY ORDERED** that the Creditor's motion for reconsideration (ECF No. 85) is denied.

**Signed on September 10, 2013**

                                                                 **/s/ Phillip J. Shefferly**
                                                                  **Phillip J. Shefferly**
                                                                 **United States Bankruptcy Judge**